[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14995
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cv-00040-JSM-TGW

DAVID DUNCAN,

                                        Plaintiff - Appellant,

versus

GEICO GENERAL INSURANCE COMPANY,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 1, 2018)

Before MARCUS, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

In 2013, David Duncan got in a car accident with an uninsured motorist. Duncan, who had uninsured motorist (UM) coverage through defendant GEICO, filed a claim with GEICO seeking noneconomic damages for a brachial plexus injury, tremors in his right hand, and loss of grip strength.  GEICO offered to settle the UM claim, but Duncan filed suit in the Tenth Judicial Circuit in Polk County, Florida instead, eventually winning a jury verdict of $300,000, which was reduced to $10,000, the amount of the UM policy limit.  After the trial, Duncan sued GEICO for bad faith, alleging that GEICO handled his UM damages claim in violation of Fla. Stat. § 624.155(1)(b)(1).  GEICO transferred the case to the Middle District of Florida and moved for summary judgment.  The district court granted the motion.  Duncan appeals.  We affirm.

We review a grant of summary judgment de novo and construe all evidence in the light most favorable to the non-moving party.  *Baby Buddies, Inc. v. Toys R Us, Inc.*, 611 F.3d 1308, 1314 (11th Cir. 2010).  Summary judgment is appropriate when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In diversity cases, we apply the substantive law of the forum state.  *Bravo v. United States*, 577 F.3d 1324, 1325 (11th Cir. 2009) (per curiam).

On appeal, Duncan argues that there are genuine issues of material fact as to whether GEICO acted in bad faith during the claims process, such as evidence that

it neglected to account for his brachial plexus injury, tremors in his right hand, and loss of grip strength, in assessing his claim.  Duncan also argues that the district court's ruling violated his Seventh Amendment right to a trial by jury.

Under Florida law, a person may assert a claim for first-party bad faith against his insurer for "[n]ot attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests."  Fla. Stat. § 624.155(1)(b)(1).  Prior to filing a bad faith claim, the insured must give the insurer sixty days' written notice of the violation in order to afford the insurer an opportunity "to comply with their claim-handling obligations when a good-faith decision by the insurer would indicate the contractual benefits are owed."  *Cadle v. GEICO General Insurance Company*, 838 F.3d 1113, 1124 (11th Cir. 2016).  Under Florida law, which was incorporated into Duncan's policy with GEICO, "[n]oneconomic damages are available under an insurance policy only if the plaintiff incurs a 'permanent injury,' which must be established 'within a reasonable degree of medical probability' within the cure period."  *Id.* at 1126 (quoting Fla. Stat. § 627.737(2)(b)).  "The insurer has a right to deny claims that it in good faith believes are not owed on a policy.  Even when it is later determined by a court or arbitration that the insurer's denial was mistaken, there is no cause of

3

action if the denial was in good faith." *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1275 (Fla. 2000).

Here, even viewing the evidence in the light most favorable to Duncan, we find that no reasonable jury could conclude that GEICO acted in bad faith in processing Duncan's UM claim.  None of the medical records included in Duncan's demand letter indicated that Duncan suffered a permanent injury within a reasonable degree of medical probability, as required by Florida law.  Fla. Stat. § 627.737(2)(b).  Duncan's X-rays and MRI taken after the accident came back negative, and he did not provide any medical evidence regarding the permanency of his other alleged injuries, such as the need for surgery or future treatment.   The neurologist who stated that Duncan "*may* have a brachial plexus stretch injury" suggested a follow-up appointment in five months and recommended stretch exercises in the meantime.  Duncan provided no other medical testimony suggesting that he suffered permanent injuries.

Over the course of the sixty day cure period, multiple GEICO examiners reviewed Duncan's medical records, concluded that his injuries were soft tissue in nature, and communicated this to him along with three separate settlement offers of $1,500.  Duncan refused these offers, claiming that his injuries were "worth well more than $10,000," but failed to provide any additional medical evidence of why this was so.  Given the lack of evidence presented to GEICO during the sixty day

4

cure period indicating that Duncan suffered a permanent injury within a reasonable degree of medical probability, GEICO was not unreasonable in offering him $1,500 to settle his UM claim, especially in light of the fact that Duncan's personal injury policy had already paid all of his medical expenses and left him with more than $6,400 for any future expenses he may incur.  GEICO is entitled to judgment as a matter of law, and, accordingly, Duncan has no right to present his claim to a jury under the Seventh Amendment.

**AFFIRMED.**